Citation Nr: 21049998
Decision Date: 08/13/21 Archive Date: 08/13/21

DOCKET NO. 18-15 193
DATE: August 13, 2021

ORDER

Entitlement to service connection for bladder cancer is granted.

FINDINGS OF FACT

The Veteran's bladder cancer is presumed to be related to his exposure to herbicide agents in service.

CONCLUSIONS OF LAW

The criteria for service connection for bladder cancer have been met. 38 U.S.C. §§ 1110, 1116, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from May 1969 to November 1971, to include service in the Republic of Vietnam. 

This matter comes before the Board of Veterans' Appeals (Board) from a June 2015 rating decision from the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran died in February 2017. The Appellant is the Veteran's surviving spouse and has been substituted into this appeal. The Appellant appeared for a hearing before the undersigned Veterans Law Judge in August 2021. 

Where there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, VA shall resolve reasonable doubt in favor of the claimant. 38 U.S.C. § 5107 (b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). To deny a claim on its merits, the evidence must preponderate against the claim. Alemany v. Brown, 9 Vet. App. 518 (1996).

1. Entitlement to service connection for bladder cancer

The Board acknowledges that service connection was denied in a prior decision rating. As discussed more below, based on bladder cancer being added as a presumptive after this decision, the Board finds that it may address this appeal on the merits.

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004). 

For veterans presumed to have been exposed to herbicide agents, certain enumerated diseases shall be service connected even though there is no record of such disease during service, so long as the requirements of 38 U.S.C. § 1116 and 38 C.F.R. § 3.307(a)(6)(iii) are met, and the rebuttable presumption provisions of 38 U.S.C. § 1113 and 38 C.F.R. § 3.307(d) are also satisfied. 38 C.F.R. § 3.309(e). 

During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year (FY) 2021 (NDAA) was enacted on January 1, 2021 and amended 38 U.S.C. § 1116(a)(2) to add bladder cancer to the list of presumptive diseases associated with Agent Orange exposure.

A Veteran who, during active service, served in the Republic of Vietnam during the period beginning on January 9, 1962, and ending on May 7, 1975, shall be presumed to have been exposed during such service to an herbicide agent, unless there is affirmative evidence to establish that the Veteran was not exposed to any such agent during that service. 38 C.F.R. § 3.307 (a). The last date on which such a Veteran shall be presumed to have been exposed to an herbicide agent shall be the last date on which he or she served in the Republic of Vietnam during the period beginning on January 9, 1962 and ending on May 7, 1975. The term "herbicide agent" means a chemical in an herbicide, including Agent Orange, used in support of the United States and allied military operations in the Republic of Vietnam during the Vietnam era. Further, in certain circumstances, veterans who served in vessels in the inland waterways of Vietnam were exposed to herbicides. Haas v. Peake, 525 F.3d 1168 (Fed. Cir. 2008). 

 

In the present case, the Veteran's medical records indicate a diagnosis of bladder cancer prior to his death. His exposure to herbicide agents is conceded based on his service in the Republic of Vietnam. Accordingly, service connection is warranted for bladder cancer on a presumptive basis. 38 U.S.C. § 1116(a)(2).

 

 

Nathaniel J. Doan

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board K.L. Blevins, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.